# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORA SOFIA ESCALANTE, )<br>)<br>Defendant. )<br>) | Case No.: 2:14-cr-00285-GMN-CWH<br><br>**ORDER** |

  Pending before the Court is Defendant Nora Sofia Escalante's Motion for Reduction of Sentence under Amendment 794. (ECF No. 62).  On April 6, 2015, Defendant pled guilty to Count One of the Superseding Indictment of Conspiracy to Distribute a Controlled Substance - Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(viii). (ECF No. 41–42).  On August 13, 2015, the Court imposed a sentence of 60 months in custody, along with four years of supervised release. (ECF No. 55–56).  This Motion constitutes Defendant's third Motion for Reduction of Sentence.  Defendant brought her first two motions under Amendment 782. (*See* ECF Nos. 58, 60).  The Court denied both of these motions because Defendant was sentenced after Amendment 782 became effective, so she had already received the benefit of Amendment 782 at sentencing. (*See* ECF Nos. 59, 61).

  On August 15, 2016, Defendant filed the instant motion pursuant to 28 U.S.C. § 2255, seeking relief under Amendment 794, which amended U.S.S.G. 3B1.2.  Specifically, she requests the benefit of the two-level minor role reduction under Amendment 794.  Amendment

794 was issued on November 1, 2015, about two months after Defendant's conviction became final.[1] *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

In general, the Court must use the guidelines manual in effect on the date a Defendant is sentenced. *See Dorsey v. United States*, 132 S. Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). The U.S. Sentencing Commission did not make Amendment 794 retroactive to all cases. *See* U.S.S.G. § 1B1.10(d) (2015) (Amendment 794 is not included in the "Covered Amendments").  Nevertheless, the Ninth Circuit has held it retroactive on direct review. *Quintero-Leyva*, 823 F.3d at 523.

Although Defendant cited § 2255, she is not entitled to relief under this statute.  She is not arguing that her sentence was illegal when imposed, that it was imposed in violation of United States law, or any of the other reasons listed in § 2255(a).  Instead, she is arguing that she should be given retroactive benefit of a clarifying amendment.  This type of claim must be brought as motion under 18 U.S.C. § 3582, not a § 2255 motion. *See Hamilton v. United States*, 67 F.3d 761, 763–64 (9th Cir. 1995) (holding that a § 2255 claim can be based only on a claim of lack of jurisdiction, constitutional error, an error resulting in "a complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure") (quoting *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979)).

Defendant also cites 18 U.S.C. § 3582, but her claim similarly fails under this statute because Amendment 794 is not retroactive for purposes of a § 3582 motion. *See Quintero-Leyva,* 823F.3d at 523 (holding that Amendment 794 was a "clarifying amendment"); *United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008) (holding that a "clarifying amendment" does not apply retroactively in a motion for reduction of a sentence under § 3582).

---

[1] Defendant had 14 days to file a Notice of Appeal after the imposition of sentence on August 13, 2015. (*See* ECF Nos. 55–56).  Defendant did not pursue a direct appeal.

The Court also notes that Defendant agreed in her Plea Agreement not to request a sentence below 60 months. (Plea Agreement 8:17, ECF No. 42).  Defendant was sentenced to 60 months, as she requested. (*See* Def.'s Sentencing Mem. 3:26, ECF No 52).

Accordingly, the Court finds that Defendant is ineligible for a sentence reduction under Amendment 794.

**IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence (ECF No. 62) is **DENIED**.

**DATED** this __24__ day of October, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court